### BOLOGNINO v. SHOTLAND. (No. 5874.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

VENDOR AND PURCHASER (§ 134*)—SPECIFIC PERFORMANCE—ACTION BY PURCHASER—RIGHT TO RELIEF.

    Plaintiff, the owner of a motion picture theater, to acquire a rear exit, entered into a written contract to purchase from defendant, the owner of the only property obtainable for such purpose, making certain cash payments, taking a conveyance subject to first mortgage and giving purchase-money second mortgage; he after the first payment to have the right to enter and make improvements, and that defendant would convey the fee simple free of all incumbrance, except the existing first mortgage. Plaintiff entered and made improvements costing $1,500 and refused a tendered conveyance subject to a setback agreement affecting the property and sued for specific performance. *Held,* that he was entitled to a deed in accordance with the contract; the fact that the setback agreement might not amount to an incumbrance imposing upon defendant the burden of defending against it.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238, 250–254, 258; Dec. Dig. § 134.*]

Appeal from Special Term, New York County.

Action by Laurence S. Bolognino against Julia A. Shotland. From a judgment dismissing the complaint on the merits after trial in an action for specific performance of an executory contract for the sale of real property, plaintiff appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Herman Goldman, of New York City (William F. Goldbeck, of New York City, of counsel), for appellant.

Edgar A. Monfort, of New York City, for respondent.

CLARKE, J. The plaintiff owned a moving picture theater on Eighth avenue, and it became necessary to acquire property in order to construct a rear exit. On the 16th of November, 1912, plaintiff and defendant entered into a written contract, under seal, for the purchase and sale of a parcel of land with the buildings and improvements thereon, being the premises known as 306 West Twenty-Second street. The price was $17,500, payable as follows: $650 on the signing of the contract; $650 in cash on the delivery of the deed; $14,500 by taking conveyance subject to the first existing mortgage; $1,700 by the execution and delivery of a purchase-money second mortgage. The contract further provided:

"It is mutually agreed that upon the execution of this contract and the payment of the sum of six hundred and fifty ($650.00) dollars, which is then payable by the terms hereof, the purchaser shall have the right to enter in and upon the said premises, and at his own cost make alteration to same. * * * The deed shall be in proper statutory short form for record, shall contain the usual covenants and warranty, and shall be duly executed and acknowledged by the seller, at the seller's expense, so as to convey to the purchaser the fee simple of the said premises, free of all incumbrances except as herein stated."

The down payment of $650 was made, and the plaintiff entered into possession and made alterations in good faith, expending a sum exceeding $1,500 therefor and incurred the necessary expenses of examining the title.

The court found in its decision that the plaintiff, as the defendant knew, made and entered into the said contract for the express purpose of using the same to obtain through, over, and across the same, a certain side entrance for exit to West Twenty-Second street from a certain moving picture theater of the plaintiff located on Eighth avenue at right angles to the property referred to in the said contract; that the said moving picture theater was so located with reference to the property in question that the rear door of the said moving picture theater opened upon and into the rear yard of the premises in question, and was geographically so situated that it was the only piece of property through which plaintiff could make or obtain an entrance from the said moving picture theater through to West Twenty-Second street.

At the time of final closing the defendant tendered a deed which contained the following clause:

"Subject to covenants and agreements as to nuisances contained in instruments recorded in New York county registrar's office in Liber 337 of Conveyances, page 236; Liber 418 of Conveyances, page 373; Liber 436 of Conveyances, page 289, and Liber 337 of Conveyances, page 565, in so far as the same may then be in force."

It does not clearly appear what said restrictions were, but it seems to be that there was a 5′ setback agreement which affected the property. The plaintiff declined to accept said deed, but made full tender

of all required of him and demanded delivery of the full covenant warranty deed provided for in the contract of sale subject to the only incumbrance there set out, to wit, the existing mortgage. The defendant declined to give any other deed than the one tendered, but, as the court found, she tendered the sum of $900, $650 which plaintiff had paid on the contract, and $250 supposed to be the limit fee for the examination of the title paid by the plaintiff. Said tender was refused by the plaintiff, and a demand for a reconveyance from defendant to plaintiff was also refused by the plaintiff at said time. Thereupon the plaintiff began this suit for specific performance. His prayer for judgment concluded as follows:

"Wherefore the plaintiff demands judgment that the defendant specifically perform the said agreement of sale described in the complaint, and that the defendant make, execute, and deliver to the plaintiff her full covenant and warranty deed to the said land in the form provided for by the said contract of sale, and that on payment of the balance of the purchase price due on the contract and making and executing of the said bond and mortgage by the plaintiff, the said defendant be directed to deliver the said deed to the plaintiff free and clear of all incumbrances, except the mortgage of $14,500 above referred to, and that in the event that it should not be possible for the defendant to carry out her said contract, with the said plaintiff, that judgment be rendered in favor of the plaintiff and against the defendant for the sum of $2,400, with interest on the sum of $650 from the 15th day of November, 1912, and on the sum of $1,500 from the dates when the said expenditures for improvements were made by the plaintiff, and with interest on the sum of $250 from the date of commencement of the action, and that said sum of $2,400 and interest be declared a lien on and charged against the premises hereinbefore referred to or the interest of the defendant herein, and that in the event that said premises are subject to any incumbrance or incumbrances, which would prevent the defendant from complying with the provisions of the said contract, that she be directed to convey the said premises, and that abatement of the purchase price thereof may be made to the plaintiff herein in such sum as the court may find just and proper, and that the plaintiff may have such other, further, and different relief in the premises as to the court may seem just and proper, together with the costs and disbursements of this action."

The answer admits the making of the contract. The defendant does not plead the existence of restrictions of any kind. She does not allege that plaintiff had knowledge or notice or waived restrictions of any kind. She does not mention restrictions, and she does not plead inability to give the deed she contracted for. But defendant inserts in the third paragraph of her answer the underscored clause:

"Defendant admits that in and by said contract it was provided that, upon the execution of said contract and the payment of the sum of $650 then payable by the terms thereof, the plaintiff would have the right to enter upon said premises and at his own cost make alterations, and that the defendant agreed to convey the said premises to the plaintiff by a full covenant and warranty deed so as to convey to the plaintiff the fee simple of the said premises, *which she could rightfully convey under the deeds under which she owned and held said property.*"

There is no provision of that kind in the contract, and by so alleging she cannot so alter it.

And in the sixth paragraph of her answer she says:

"And defendant alleges that at said time she tendered to the plaintiff a deed to the said real property described in accordance with the terms of the

written agreement, made as aforesaid, and denies that she refused and declined and still refuses to perform her part of said contract and convey the said premises to the defendant by deed, in accordance with the provisions of said contract."

And in the seventh paragraph she alleges:

· "That the defendant has duly performed all of the conditions of said contract on her part to be performed and demands that the complaint be dismissed."

The court found as conclusions of law: (1) The defendant is not required to make covenants or give warrants which cannot properly be made or given in view of the restrictions on her own title. (2) That the plaintiff was at liberty to reject the title if it was not such as contracted for, and to sue for damages, or he could have insisted upon a conveyance of such title as the defendant had, with or without abatement in the purchase price. (3) That the plaintiff was not justified in demanding that the defendant specifically perform her contract, by giving a deed containing warranties which would be broken as soon as made. (4) I accordingly direct judgment for defendant, dismissing the plaintiff's complaint on the merits, without costs to either party.

At the close of the testimony plaintiff's counsel moved for judgment "in accordance with the prayer of the pleadings for the specific performance of the contract, and I state that we elect for that form of relief." Defendant's counsel:

"I move to dismiss the complaint on the ground, first, that the evidence has failed to sustain the complaint for specific performance of this agreement; on the further ground, that the defendant has always been ready, and has been at all times ready to carry out the contract in all its terms, and has been ready and willing to convey all the property that she had given her by the conveyance to her."

The complaint was dismissed.

I fail to see what ground there was for the dismissal of this complaint. In view of the second conclusion of law, the fourth seems a non sequitur. It may be suggested, as on the motion at the close of the case counsel stated that he asked for specific performance and "I state that we elect for that form of relief" plaintiff was excluded from any of the other reliefs demanded in the prayer for judgment. The suggestion has no force; I think the plaintiff was entitled to the deed the defendant agreed to give. The plaintiff desired this particular property. He went into possession immediately, as provided in the contract, in good faith, and expended his money in the necessary improvements. If the suggested setback agreement is so unenforceable at the present time, by reason of the change in the character of the neighborhood (Batchelor v. Hinkle, 210 N. Y. 243, 104 N. E. 629), as argued on behalf of defendant, that it does not amount to an incumbrance, the defendant who sold the property ought to take the burden of defending against it. Certainly the mere tender back of the down payment and the expenses of title examination is utterly inadequate. The expenditures for improvements made in good faith under the circumstances are within equitable cognizance. The interpolation of the

phrase "such a deed as she could give" and the adoption by the court of that phrase in its findings is entirely unwarranted.

The appellant urges that, if he cannot get the full warranty deed contracted for, he is entitled to a reduction in the price to be paid for the property as demanded in his prayer for relief. As equity moulds its decree upon the facts and circumstances disclosed at the time of trial, I cannot find any workable theory on which the complaint could be dismissed. The execution of the contract and full performance by plaintiff being conceded, the special circumstances which made necessary the acquirement of this piece of property being established, the material changes and the expense thereof in reliance on the contract not being disputed, a clear case for equitable relief is shown.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

